UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE TITUS and LIINDA TITUS, husband and wife; and BLT INVESTMENTS, LLC, a Washington limited liability company,

Plaintiffs,

v.

BANK ONE, N.A., a national banking association, with its main office in Chicago, Illinois,

Defendant.

Case No. C04-5102FDB

ORDER GRANTING PREVAILING PARTY BANK ONE'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND DISBURSEMENTS

Defendant Bank One moves for Attorneys' fees, expenses and disbursements as the prevailing party in this litigation. Plaintiffs oppose the motion.

In this cause of action, Plaintiffs, the Tituses and BLT Investments claimed that Bank One had committed fraud, violated its fiduciary duty, and engaged in illegal business practices, and Plaintiffs sought more than $3.3 million in damages. Cross-motions for summary judgment were filed by the parties, and the Court granted Bank One's Motion for Summary Judgment and Denied that of the Plaintiffs. [Dkt. # 69] The Court concluded (1) that Bank One had established facts to support the defenses of estoppel, ratification, and waiver, and that Plaintiffs had failed to establish a genuine issue of material fact as to these defenses; (2) that Plaintiffs failed to carry their burden on summary judgment as to their claims of misrepresentation and justifiable reliance, their Washington

ORDER - 1

Consumer Protection Act claim, and their claims under the Commodities Exchange Act; and (3) that Plaintiffs engaged in bank fraud by preparing and submitting to Bank One fraudulent financial statements; consequently, Plaintiffs' unclean hands barred their claims, as well.

Plaintiffs (hereafter, Titus) oppose the motion for attorneys fees and costs asserting that there has been no "default" under the ISDA Master Swap Agreement; that Bank One is not entitled to attorneys' fees and costs under the "Subordination Agreement" and that Titus' claims were not based on any specific term or clause in any of the swap or loan documents or the 2002 Subordination Agreement. Titus argues that Bank One is improperly trying to recover for all attorneys' fees and costs for the entire case rather than for the work specifically relating to the 2002 Subordination Agreement and Bank One's related defense of estoppel and waiver. Titus also argues that Bank One's attorneys' fees and costs are excessive and unreasonable.

Titus' opposition is without merit. The attorneys' fees agreements in the ISDA Agreements and the Subordination Agreement are enforceable. The ISDA Agreements, Section 9, provide for recovery of all "reasonable out-of-pocket expenses, including legal fees" incurred "by reason of the enforcement and protection of its rights under [the ISDA] Agreement[s]." (Garner Decl. of March 11, 2005 [Dkt. # 42] Deposition Exhibits (DX) 30 and 37 at § 9) Contractual rights to attorneys' fees are enforceable in federal courts if valid under applicable state law, *e.g. United States Fidelity and Guaranty Co. v. Braspetro Oil Services Co.*, 369 F.3d 34 (2nd Cir. 2004), and New York courts – this Court has concluded that New York state law applies to the ISDA Agreements herein – enforce the attorneys' fee provision of ISDA Agreements. *See Ursa Minor Limited and Bankers Trustee Co. Ltd. v. AON Financial Products, Inc. And Aon Corporation,* 2000 WL 1010278 (S.D.N.Y.)(court granted motion for summary judgment against defaulting party under ISDA agreement and ordered reimbursement of prevailing party's attorney's fees and expenses incurred in enforcing their contractual rights under ISDA Agreement.) The Subordination Agreement is enforceable under RCW 4.84.330, which applies whenever an action is "on a contract." An action is

ORDER - 2

"on a contract" if the action (a) arose out of the contract and (b) the contract is central to the dispute. *Seattle-First Nat'l Bank v. Washington Ins. Guar. Ass'n*, 116 Wn.2d 398, 413, 804 P.2d 1263 (1991); and *see, e.g., State v. Farmers Union Grain Company and Paccar Automotive, Inc.*, 80 Wn. App. 287, 908 P.2d 386 (1996). The Titus case arose out of the Agreements mentioned above and Bank One specifically defended on provisions in the Agreements.

Under the ISDA Agreements, the "Defaulting Party" is liable for "all reasonable out-of pocket expenses, including legal fees." (Dx 29, 38, § 9) When an "event of default" occurs with respect to a party, that party is a "defaulting party." (*Id.* § 6(a), p. 6.) An "event of default" includes a cross default, which is "any default (however described) under the loan and other agreements entered into by Plaintiffs on July 17, 2000. (Dx 29, 38, Part 1(c) at p. S-1.) It is undeniable that Tituses defaulted under the Loan Agreement , which expressly provided for default for dishonesty – false or misleading statements made to Bank One – and were expressly cross-defaulted under the swap agreement. (Dxs. 39, 40.) The Notices of Default were specific and included "a) material falsifications of financial statement, which masked the insolvency of one or more of the Borrowers/Obligors/Guarantors under the foregoing documents, b) the submission of material false informatin to Bank One concerning inventory audits relating to Tacoma Subaru, Inc. And Bruce Titus Automotive Group, Inc., c) payment defaults, and d) cross-defaults under the terms of the documents. (Dx 39, 40. ) It cannot be gainsaid that Plaintiffs were in default. Moreover, the Court has concluded that under the Subordination Agreement, Plaintiffs expressly acknowledged their indebtedness to Bank One under the swap agreements, which Plaintiffs also acknowledged were valid and enforceable, and that, consequently, Plaintiffs' claims were barred.

Bank One calculates its attorneys' fees request using the "lodestar method," which is the product of reasonable hours times a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 44, 433-437 (1983). Bank One seeks no enhancement of the lodestar amount. The amounts Bank One seeks are (1) attorneys' fees of $322,258.50 and (2) costs, disbursements, and expenses actually incurred

ORDER - 3

between March 2004 and May 2005 of $30,512.15, for a total award of $352,770.65. These requests are supported by invoices that follow the billing system described in ABA's Litigation Code Set and which identify (1) the activity performed, (2) the subject matter pertaining to the activity, (3) the attorney, paralegal, or staff performing the work, (4) the date it was performed, and (5) a description of the work performed. Now that the Clerk of the Court has taxed statutory costs in the amount of $8,343.08, after subtracting that amount from the total expenses/disbursements sought at item (2) above, the total amount of attorneys' fees and expenses/disbursements sought is $344,427.57.

It is appropriate to approve the attorneys' fees and costs sought by Bank One. It is not disputed that the quality of Bank One's attorneys' work in this case was excellent. (Creatura Decl. p 5) It is not disputed that the hourly rates are reasonable, and indeed the hourly rate of Bank One's partner attorneys is slightly lower than that of the attorney employed by Plaintiffs to review Bank One's fees request. (*Id.*) It is also undisputed that the case was factually complicated and legally challenging. (*Id.* at 6) A case cited by Mr. Creatura in which he prevailed, and which he seems to imply is comparable, resulted in an overall fee petition of $293,495.85. (*Id.* at 6-7) While Mr. Creatura submits that he performed more tasks in the same time than did Bank One's counsel, nevertheless the charges are fairly close. Mr. Creatura suggests that an appropriate fee would be based on a multiplier of Plaintiffs' counsel's hours (*Id.* at 7-8), but the circumstances of this case do not warrant such a modification of Bank One's fees request, and the Court declines the suggestion. Bank One has submitted a well-supported request for attorneys' fees and expenses, reasonable hourly rates were billed, excellent work was performed in this complex case concerning specialized loan transactions, and a reasonable amount of time was expended under the circumstances of this case. Bank One's request for attorneys' fees and expenses will be approved in the total amount of $344,427.57, which reflects the deletion of statutory costs taxed by the Clerk from the expenses and disbursements sought.

ORDER - 4

NOW, THEREFORE,

IT IS ORDERED:

1. Prevailing Party Bank One's Application for Attorneys' Fees, Expenses and Disbursements [Dkt. # 71] is GRANTED and Bank One is awarded attorneys' fees of $322,258.50 and disbursements and expenses of $22,169.07 for a total award of $344,427.57.

2. The Clerk of the Court shall enter judgment accordingly.

DATED this 13th day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5